UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JAMES GLEN

    Plaintiff,

V.

                                       CIVIL ACTION NO.

THE LAW OFFICES OF W.C. FRENCH

    Defendants.                                 APRIL 8, 2011

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Edgewater, MD.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a collector within the MCDCA.

6. Defendant a law firm and foreign entity engaged in the business of collecting debts in the State of Maryland with a principal place of business located in 908 Town & Country Blvd, suite 230, Houston, TX 77024.

7. Defendant is not authorized to do business in Maryland. The principal purpose of Defendant business is the collection of debts and Defendant regularly attempts to collect debts alleged to be due another.

8. Defendant communicated with Plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to plaintiff's disputed personal debt to Accurate Insulation.

9. Defendant communicated with Plaintiff via letter dated January 12, 2010 in connection with collection efforts with regards to Plaintiff's disputed debt.

10. The Defendant advised the Plaintiff in its initial collection letter "notwithstanding the 30 days to notify us you dispute the debt, if you do not contact us on or before (7) days from the date of this letter, we shall assume you do not have any desire to settle this account and may recommend litigation"

11. The Defendant's statement in ¶ 10 overshadows the Validation of Debts Clause pursuant to §1692g and violates the FDCPA.

12. The Fair Debt Collection Practices Act §1692g (3) requires and refers to the (30) day period beginning, one day after the consumer debtors receipt of the collection letter. _See_ 1692g (3) "a statement that unless the consumer, within thirty days **after receipt of the notice**, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

13. Defendant shortened the validation period by one day and violated 1692g (4), which requires "a statement that if the consumer notifies the debt collector in writing <u>within the thirty-day period</u> that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

14. Defendant's initial collection letter misstates the validation of debts clause by stating "<u>if within 30 days of this notice</u> you notify us preferably in writing of any dispute as to any part of this debt, we will cease collection efforts unless and until we send you written verification of it and will provide you the name and address of the original creditor, if different from the current creditor."

15. Plaintiff contacted the Defendant on or about May 14, 2010 and notified the Defendant that he disputed this debt.

16. Defendant advised the Plaintiff that it would not accept an oral dispute and Plaintiff was required to put the dispute in writing.

17. Plaintiff contacted the Defendant on or about July 15, 2010 and spoke to a collection agent who identified himself as "Hajji Jannah."

18. Defendant through its collection agent stated that W.C. French was an elderly attorney who did not come to the office anymore and "we run the operation of his office."

19. The Defendant is required to be licensed as a collection agency pursuant to §7-102 (9) of the Maryland Collection Agency Licensing Act.

20. Defendant has not obtained the proper collection agency license and therefore has committed a violation of the FDCPA and MCDCA.

21. In the collection efforts, the Defendant violated the FDCPA, inter alia, section 1692e, f & g.

**SECOND COUNT**

22. The allegations of the First Count are repeated and realleged as if fully set forth herein.

23. Within three years prior to the date of this action Defendant has engaged in acts and practices as to plaintiff in violation of the Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA") including but not limited to, failure to obtain a MD license as a collection agency.

## THIRD COUNT

24. The allegations of the First & Second Count are repeated and realleged as if fully set forth herein.

25. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

**WHEREFORE plaintiff respectfully requests this Court to:**

1. Award plaintiff such damages as are permitted by law both compensatory and punitive, including $1,000 statutory damages for each communication against the defendant;

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award declaratory and injunctive relief, and such other and further relief as law or equity may provide

THE PLAINTIFF

BY/S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com